*1135 OPINXOjST.
Hill :
Petitioner Leslie H. Reed claims in his petition the right to a bad debt deduction for the loss sustained in respect of the Investment notes held by him and that he erroneously claimed a deduction therefor as a capital loss in his income tax return. This petitioner also claims overpayment of tax which, he contends, would result from an allowance of a deduction of his loss as a bad debt.
The single issue for our determination is whether or not petitioners are entitled to deductions for debts ascertained to be partially worthless and charged off in the taxable year. Petitioners contend that they *1136 reasonably determined in 1936 that the collateral notes of Investment held by them were partially worthless and charged off the amounts of such worthlessness in their Federal income tax returns for that year. Respondent argues that the notes were exchanged for stock of Sutherland in the course of a tax-free exchange under which no loss can be recognized. He contends that, in any event, Investment ceased to exist in 1986, so that in the taxable year there was no debtor from which the debt was owing. He asserts that in the absence of a debtor there can be no debt and consequently no bad debt deduction. Finally, respondent maintains that, even if we should hold that petitioners are entitled to bad debt deductions, those parts of the deductions which represent collateral notes received by petitioners for accrued interest are not deductible because that interest had not been properly returned a,s income by petitioners.
Section 23 (k) of the Revenue Act of 1936 allows a deduction “in an amount not in excess of the part charged off” whore a taxpayer lias ascertained the debt to be partially worthless. Ho deduction for a partial bad debt need be taken even though the taxpayer has ascertained it to be partially worthless in a specific amount. He can either charge off the amount he has ascertained to be bad and take a partial bad debt deduction, or wait until some other event fixes the amount of his loss. This is entirely at the taxpayer’s option. Moock Electric Supply Co., 41 B. T. A. 1209.
The record discloses that in January 1936 petitioners -were advised of facts which rendered inescapable the conclusion that the debts represented by the Investment notes vrere partially worthless. The evidence does not disclose that prior to the acquisition of the Sutherland stock by petitioners there was an ascertainment of loss in any specified amount for bad debt or otherwise. The only evidence as to the amount of loss ascertained by petitioners is found in the computed loss taken as a deduction in their income tax returns. The computation of this loss was not made with respect to a debt wholly or partially worthless. It was not made with respect to debt at all. Such computation of loss wras made on the basis of the value of the stock received in exchange for the cancellation of the debt remaining after crediting cash payments and of the release of the mortgage securing such debts. The deductions taken in the returns represented capital losses sustained in exchange of property for stock of a corporation notwithstanding they were claimed in the returns as deductions for bad debts. Prior to such exchange there was no such ascertainment and charge-off in respect of total or partial worthlessness of debt as is required by section 23 (k) to warrant a deduction for bad debt. Upon the consummation of the exchange there remained no indebtedness of Investment or Miller to petitioners and, hence, no basis for a bad debt charge-off. We hold, *1137 l.heroíorc, (hat pcli tinner,s are not entitled in deductions for bad debts.
The parties to the proceedings have not presented or raised the question of whether the loss sustained was deductible as a capital loss, but, since it is our view that the loss was a capital loss instead of a loss for bad debt, we think such question inheres. It is apparent that whatever loss petitioners may have sustained resulted from and was determined by the exchange of their notes and the security back of them for stock of Sutherland. However, the petitioners insist that no such exchange was accomplished because the notes were not transferred to Sutherland. The facts show that the Investment notes were exchanged for the Miller notes, which in turn were delivered to the depositary for the noteholders’ committee. The depositary was instructed to deliver the Miller notes as Sutherland might direct. Sutherland directed the delivery to the trustee of the Miller mortgage. From the trustee, Sutherland received a release of that mortgage, thereby becoming the owner of the property free from any lien. The result was exactly the same as if the Investment notes had been transferred to Sutherland. We fail to perceive any reason why the transaction should not be viewed as a whole and held to be an exchange, even though neither the Investment notes nor the Miller notes were directly exchanged for the stock of Sutherland. Cf. Rockford Brick & Tile Co., 31 B. T. A. 537. All of the issued stock of Sutherland was received by the noteholders, including petitioners, in proportion to their respective interests in the property exchanged for the stock and, therefore, immediately after the exchange the noteholders were in control of Sutherland. We hold that it was an exchange within the meaning of section 112 (b) (5), Revenue Act of 1936,[1] and that no loss can be recognized.

Decision will be entered for respondent.

 SEC. 112. RECOGNITION OF GAIN OR LOSS.
* * * * o *
(b) Exchanges Solely in Kind.—
(5) Transfer to corporation controlled by transferor. — No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the caso of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.